IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS WINSTON, *et al.*, | ) | CASE NO. 1:14CV02670 |
| | ) | |
| Plaintiffs, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | **JOINT MOTION OF OFFICER** |
| | ) | **LOEHMAN AND GARMBACK FOR** |
| CITY OF CLEVELAND, *et al.*, | ) | **PARTIAL JUDGMENT ON THE** |
| | ) | **PLEADINGS** |
| Defendants. | ) | |
| | ) | |

Now come the Defendants, Officers Timothy Loehmann and Frank Garmback, by and through counsel, and pursuant to Federal Civil Rule 12, move for Partial Judgment on the Pleadings on certain claims for failure to state a claim upon which relief can be granted.[1]

## INTRODUCTION

The underlying events upon which the Complaint is predicated are most disturbing to all; but some of the causes of actions asserted are not viable for some of the Plaintiffs. Plaintiffs have filed an Amended Complaint asserting the following

---

[1] As the Court is aware, this Motion can be used to dismiss those counts that are not allowable under established law and allow those viable to remain. This streamlines the matter so that the parties can focus on those causes of action that are viable.

1

claims: negligence against the City of Cleveland (the "City") (Count I), Officer Loehmann (Count II), Officer Garmback (Count III), and John Does (Count IV); the Estate's claim for battery (Count V); a claim asserted by Miss T.R. ("Ms. T.R.") for battery (Count VI); claims asserted by Miss T.R. for intentional infliction of emotional distress (Counts VII and VIII); claims asserted by Ms. Samaria Rice ("Ms. Rice") for intentional infliction of emotional distress (Counts IX and X); claims for negligent infliction of emotional distress asserted by Miss T.R. (Counts XI and XII); claims asserted by Ms. Rice for negligent infliction of emotional distress (Counts XIII and XIV); claims for false imprisonment asserted by Miss T.R. (Counts XV and XVI); claims for § 1983 violations asserted by the Estate for excessive use of force (Counts XVII, XVIII, and XIX); claims asserted by the Estate pursuant to §1983 for deliberate indifference to medical needs (Counts XX, XXI, and XXIII); and claims asserted by Ms. Rice and Mr. Leonard Warner ("Mr. Warner) pursuant to §1983 for violations of substantive due process rights against Officer Loehman (Count XXIV), Officer Garmback (Count XXV), the John Does (XXVI), and the City (Count XXVII). ECF 14.

## LAW AND ARGUMENT

**I.  Standard for Motion for Judgment on the Pleadings**

The Civil Rules allow that the defense of failure to state a claim can be raised in a Rule 12(c) Motion. Fed.R.Civ.P. 12(h)(2). When a Motion for Judgment on the Pleadings is based on a Rule 12(b)(6) failure to state a claim, the court must apply the standards for considering a Rule 12(b)(6) motion. *Morgan v. Church's Fried Chicken*, 829

F.2d 10, (6th Cir. 1987) (citations omitted).

When a motion to dismiss for failure to state a claim under Rule 12(b)(6) is filed, the trial court considers the Amended Complaint to determine if it meets the requirements of Fed. R. Civ. P. 8(a)(2) which require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A proper complaint alleges enough facts, that, if accepted as true, "raise the right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In reviewing a motion to dismiss, [the Court will] construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471,476 (6th Cir. 2007).

## II. **Plaintiff Ms. Rice's claims for intentional infliction of emotional distress are not viable. (Counts IX and X)**

Ms. Rice asserts an intentional infliction of emotional distress claims in Counts IX and X of the Complaint. ECF 14, ¶¶ 90-97.

To prevail on an intentional infliction of emotional distress claim, a plaintiff must establish "(1) That the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) That the actor's conduct was so extreme and outrageous as to go 'beyond all possible bounds of decency' . . .; (3) That the actor's actions were the proximate cause of plaintiff's psychic injury; and, (4) That the mental anguish suffered by plaintiff is serious and of a nature that 'no reasonable man could be expected to endure it.'"

3

*Retuerto v. Berea Moving Storage & Logistics*, 8th Dist. No. 102116, 2015-Ohio-2404, ¶64. According to the Amended Complaint itself herein, the alleged outrageous conduct described was directed toward her children and not Ms. Rice personally.[2] ECF 14, ¶89 & 95. *See e.g. Hartwig v. NBC,* 863 F.Supp. 558, 562 (N.D. Ohio 1994) (finding that the defendant could not be liable to the decedent's family since the conduct was not directed towards them).

Thus, Ms. Rice's claims for intentional infliction of emotional distress (Counts IX and X) fail to state a claim upon which relief can be granted as they relate to her personally and thus must be dismissed.

III. **Plaintiff Ms. Rice's claims for negligent infliction of emotional distress are not viable. (Counts XIII and XIV)**

As indicated by the Amended Complaint, Ms Rice arrived on scene subsequent to the actual events. ECF 14, ¶¶ 113 & 114 . In Ohio, a cause of action for negligent infliction is limited to situations where "the plaintiff has either witnessed or experienced a dangerous accident or was subjected to an actual physical peril." *Inskeep v. Western Reserve Transit Authority*, 7th Dist. No. 12 MA 72, 2013 WL 979054, 2013-Ohio-897, ¶25 (citations omitted). *See also Engle v. Cuyahoga Falls*, Case No. 5:14–CV–1161, June 22, 2015, 2015WL3852143 at 11 (citations omitted)(rejecting negligent infliction claim in a claim alleging civil rights violations with no physical peril to the plaintiff).

---

[2] This is in no way meant to devalue the deep shock and grief experienced by Ms. Rice when she witnessed the scene.

Ohio law does not recognize a cause of action for negligent infliction of emotional distress resulting from fear of nonexistent peril. *Dicks v. Capital-Cities/ABC*, 933 F.Supp. 694, fn 6 (S.D. Ohio 1996)(citing *Heiner v. Moretuzzo,* 73 Ohio St.3d 80, 87 (1995)). *See also Synder v. United States*, 590 Fed.Appx. 505, 512 (6th Cir. 2014) (rejecting negligent infliction of emotional distress claim as a result of arrest, even if false and stressful, does not entail physical peril.)

Under Ohio law, a plaintiff must witness the incident itself and contemporaneously suffer emotional distress. *Burris v. Grange Mutual Companies*, 46 Ohio St.3d 84, 92 (1989), overruled on other grounds *Savoie v. Grange*, 620 N.E. 2d 809 (1993) (limiting the claim to emotional distress suffered due to "contemporaneous sensory perception of the accident and immediate viewing of the accident victim"). *See also Heintzelman v. Air Experts*, 5th Dist. No. 2005-CAPE-08-0054, 2006 -Ohio- 4832, ¶38 (rejecting negligent infliction claim of a widow who did not observe her husband's electrocution but found his body later as she did not witness the electrocution itself).

Counts XIII and XIV must therefore be dismissed.

**IV.    Counts XXIV and XXV which assert a §1983 violation on behalf of Ms. Rice and Mr. Warner are not viable.**

According to the Amended Complaint, Plaintiffs Ms. Rice and Mr. Warmer have a "cognizable interest under the due process clause of the Fourteenth Amendment of the United States Constitution in being free from state actions that cause an unwarranted state interference with Plaintiffs Samaria Rice and Leonard Warner's right

to familial relationship with Decedent, Tamir Rice." ECF 14, ¶188. They then state that the Defendants deprived them of that right in violation of §1983. *Id.* at ¶189.

As this Court recently summarized in *Jones v. City of Cleveland*, "42 U.S.C. § 1983 creates a federal cause of action against '[e]very person who, under color of [law,] . . . subjects . . . any citizen . . . to the deprivation of any rights . . . secured by the Constitution.' In the Sixth Circuit, civil rights claims under § 1983 are 'entirely personal to the direct victim of the alleged constitutional tort.' *Claybrook v. Birchwell,* 199 F.3d 350, 357 (6th Cir. 2000). Therefore, 'only the purported victim, or his estate's representative(s), may prosecute a section 1983 claim.' *Id.*; *see also Foos v. City of Delaware*, 492 F. App'x 582, 592–93 (6th Cir. 2012); *Garret v. Belmont Cnty. Sheriff's Dep't*, 374 F. App'x 612, 615 (6th Cir. 2010). Courts have held that '[f]amily members [acting individually], however personally affected or aggrieved, may not recover for the violation of their loved ones' civil rights under 42 U.S.C. § 1983.' *Craft v. Ohio Dep't of Rehab.*, No. 1:14CV1682, 2015 WL 2250667 at *2 (N.D. Ohio May 13, 2015)." Case No. 1:15CV00007, June 30, 2015 Order. Nor can a family member bring a claim under §1983 for the loss of a loved one "any other consequent collateral injuries allegedly suffered personally by the victim's family members." *Claybrook*, 199 F.3d at 357(citations omitted). In addition, the "Sixth Circuit [has] held that parents do not have a protected liberty interested in their relationship with any children, adult or not." *Jones v. Las Vegan Metropolitan Police*, 2014 WL 5793853 (D.Nev.). The parents' §1983 claims (Counts XXIV and XXV as they relate to the officers and Count XXVII as it relates to the City) are

6

not recognized claims in the Sixth Circuit, as §1983 claims must be brought by the Estate.

As shown, Counts XXIV and XXV fail as a matter of law and should be dismissed.

**V.     The Estate is the proper Plaintiff to assert injuries suffered.**

Though not identified as separate Counts in various parts of the Amended Complaint, Ms. Rice and Mr. Warner both assert claims individually but also as parents of the decedent.  *See e.g.* ECF 40, ¶3, 35 and the Complaint (Counts I-V, XVII-XXIII.  As this Court is aware, the Estate <u>only</u> is the proper plaintiff to assert such claims   *See Swartz v. DiCarlo,* No. 1:12CV3112, 2013WL3816734 at *2 (N.D. Ohio July 19, 2013); *Klinger v. Corrections Corp. of America, Inc.,* 4:11CV2299, 2019WL6200393, at 10 (N.D. Ohio October 23, 2012)(citing *In re Heparin Products Liability Litig.,* MDL 1953, 2011WL3875361 (N.D. Ohio Sept. 1, 2011).  Thus, an order which states that only the Estate has the proper standing for claims owned by the decedent would be proper.

## CONCLUSION

As the Plaintiffs have asserted causes of action that fail to state a claim upon which relief can be granted, the Defendants request that the claims for intentional and negligent infliction of emotional distress of Ms. Rice, individually (Counts IX, X, XIII, XIV), and the claims of Ms. Rice and Mr. Warner asserting their own personal §1983 claims (Counts XXIV-XXVI) be dismissed and the Motion for Partial Judgment on the Pleadings be granted.

Respectfully submitted,

/s/ *Kathryn M. Miley*
Ernest L. Wilkerson, Jr. (#0036972)
Kathryn M. Miley (#0067084)
Wilkerson & Associates Co., LPA
1422 Euclid Ave, Suite 248
Cleveland, OH 44115
(216) 696-0808
(888) 502-9720 facsimile
ewilkerson@wilkersonlpa.com
kmmiley@wilkersonlpa.com
Attorneys for Defendants Loehmann
and Garmback

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2015, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Kathryn M. Miley*
Ernest L. Wilkerson, Jr.
Kathryn M. Miley
Attorneys for Defendants Loehmann
and Garmback

City/Winston/judgment on pleadings1

8