UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS WINSTON, Administrator of the Estate of Tamir Rice, *et al.*, | ) ) ) | Case No.: 1:14 CV 2670 |
| Plaintiffs | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) | |
| CITY OF CLEVELAND, *et al.*, | ) ) | |
| Defendants | ) | <u>ORDER</u> |

Currently pending before the court in the within case is Defendants Timothy Loehmann ("Loehmann") and Frank Garmback's ("Garmback") (collectively, "Defendants") Joint Motion for Partial Judgment on the Pleadings ("Joint Motion") (ECF No. 56). The court denies as moot the Joint Motion as to Samaria Rice's claims, and grants the Joint Motion as to Leonard Warner's claims.

**I. BACKGROUND**

On January 30, 2015, Douglas Winston as administrator of the Estate ("Winston"), mother Samaria Rice ("Rice"), father Leonard Warner ("Warner"), and sister T.R. through Rice, filed a First Amended Complaint against Loehmann, Garmback, the City of Cleveland ("City"), and Does 1-100, alleging twenty-seven counts involving claims of negligence, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, false imprisonment, and violation of 42 U.S.C. § 1983. (*See generally* First Am. Compl., ECF No. 14.) The City answered (ECF No. 18), and Defendants filed a separate Answer (ECF No. 37). On July 31, 2015, in response to the First Amended Complaint, Defendants filed the instant Joint Motion, which sought dismissal of all claims

brought by Rice and Warner, individually and as parents of the decedent. Rice filed an opposition (ECF No. 60), as did Warner (ECF No. 65), and Defendants filed a Reply (ECF No. 61).

Subsequently, Winston, Rice, and minor T.R. through Rice (collectively, "Plaintiffs") filed a Second Amended Complaint (ECF No. 80). In response, Defendants filed a Joint Motion for Partial Judgment on the Pleadings of the Second Amended Complaint (ECF No. 78) on November 13, 2015, arguing that a number of the claims in the Second Amended Complaint should be dismissed as a matter of law.

## II. JUDGMENT ON THE PLEADINGS STANDARD

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed - but early enough not to delay trial[.]" The standard for evaluating a motion for judgment on the pleadings is identical to the standard a court applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001); *Tinney v. Richland Cty.*, No. 1:14 CV 703, 2015 WL 542415, at *3 (N.D. Ohio Feb. 10, 2015) (quoting *Mellentine v. Ameriquest Mortg. Co.*, 515 Fed. App'x 419 (6th Cir. Feb.14, 2013)). The court examines the pleadings of the parties and evaluates the legal sufficiency of the plaintiff's claim. *Id.*; *see also Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993).

The Supreme Court clarified the law in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), regarding what the plaintiff must plead in order to survive a Rule 12(b)(6) motion. When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* The plaintiff's obligation to provide the grounds for relief "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Additionally, even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Id.*

### III. LAW AND ANALYSIS

In light of the filing of Plaintiffs' Second Amended Complaint and Defendants' Joint Motion for Partial Judgment on the Pleadings of the Second Amended Complaint, the court finds that the previous Joint Motion is denied as moot except as to Warner's claims in the First Amended Complaint. Considering the Joint Motion regarding Warner's claims, the court grants the Joint Motion and dismisses Warner's claims.

In the First Amended Complaint, Warner filed 42 U.S.C. § 1983 claims of Substantive Due Process violations under the Fourteenth Amendment against Defendants (Counts XXIV and XXV), alleging that Defendants intentionally deprived Warner of his constitutional right to familial relationship with Tamir Rice, entitling him to damages. Warner also filed the same section 1983 claim of Substantive Due Process violation under the Fourteenth Amendment against Does 1-100 (Count XXVI) and a section 1983 claim of Substantive Due Process violation under the Thirteenth Amendment against the City, alleging that the City's policy, custom and practices interfered with Warner's right to familial relationship with Tamir Rice (Count XXVII).

Defendants seek dismissal of Counts XXIV and XXV, arguing that the Sixth Circuit does not recognize a section 1983 claim by a victim's family member for the violation of their loved ones' civil rights or for the injuries allegedly suffered by that family member. (Joint Mot. at 5, ECF No. 56.) Defendants also seem to seek dismissal of Counts XXVI and XXVII for the same reason.

-3-

(Reply at 4-5, ECF No. 61.) Warner argues that other circuits besides the Sixth Circuit have found that a parent can bring a section 1983 claim, contending that their own constitutionally-protected right to familial association is violated based on the actions of state actors. However, Warner concedes that the Sixth Circuit declined to recognize this type of claim. *Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (citing *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984)) ("[A] section 1983 cause of action is entirely personal to the direct victim of the alleged constitutional tort."); *Foos v. City of Delaware*, 492 Fed. Appx. 582, 592 (6th Cir. 2012) (citation omitted) (same); *Craft v. Ohio Dep't of Rehab.*, No. 1:14 CV 1682, 2015 WL 2250667, at *2 (N.D. Ohio May 13, 2015) (same). This court is bound by this precedent, and dismisses Warner's federal section 1983 claims brought individually as Tamir Rice's family member for alleged violations of Warner's own rights.

Defendants also seem to argue that, while it is unclear whether Warner is asserting claims on behalf of Tamir Rice in the rest of the First Amended Complaint, to the extent Warner is, those claims should be dismissed because the Estate is the proper plaintiff to bring these claims on behalf of decedent Tamir Rice. Warner seems to concede this point, because his Opposition to the Joint Motion focuses exclusively on whether a family member can bring a federal section 1983 claim. Furthermore, the First Amended Complaint contains no survivorship claim, which under Ohio law allows the decedent's claims for injuries to survive his death. *See. e.g.*, *Wingrove v. Forshey*, 230 F. Supp. 2d 808, 826 (S.D. Ohio 2002); *Williams v. Barrick*, 10th Dist. Franklin No. 08AP-133, 2008-Ohio-4592, ¶ 10 (quoting *Hosfelt v. Miller*, 7th Dist. Jefferson No. 97-JE-50, 2000 WL 1741909, at *4 (Nov. 22, 2000)). The First Amended Complaint also contains no wrongful death claim. Thus, even if the court read a survivorship or wrongful claim into the claims brought in the

First Amended Complaint, only the personal representative of the Estate may bring such claims. *Id.*; R.C. 2125.02(A)(1); *Ramsey v. Neiman*, 634 N.E.2d 211, 214 (Ohio 1994) ("A cause of action in wrongful death arising under R.C. Chapter 2125 must be brought in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate."). Winston is currently the administrator, and thus the personal representative, of the Estate. Warner does not allege otherwise. Thus, none of the claims that Warner arguably may be bringing in the First Amended Complaint as a parent of the decedent Tamir Rice are viable.

Accordingly, the court grants the Joint Motion, dismissing all of Warner's claims in the First Amended Complaint. To the extent that Warner is of the opinion that he has viable claims that may be pursued, Warner may file an amended complaint by on or before February 16, 2016.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

February 2, 2016